1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JACK RUBEN WADEL,

                                        Plaintiff,

        vs.

UNITED STATES OF AMERICA
(erroneously sued as Social Security
Administration),

                                        Defendant.

CASE NO. 10 CV 0756 MMA (JMA)

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS**

[Doc. No. 5]

        Before the Court is Defendant United States of America's motion to dismiss Plaintiff Jack
Ruben Wadel's complaint.[1]  [Doc. No. 5.]  Plaintiff did not oppose Defendant's motion.  The
Court in its discretion under Civil Local Rule 7.1(d)(1) found Defendant's motion suitable for
decision on the papers and without oral argument.  [Doc. No. 7.]  For the reasons set forth below,
the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

        This action arises from events related to Plaintiff's state conviction for resisting an
executive officer, and the resulting cessation of his social security benefits during his
incarceration.  On March 8, 2010, Plaintiff, proceeding *pro se*, filed a complaint in the San Diego
Superior Court against the Social Security Administration, which appears to allege various tort and
breach of contract claims.  [Doc. No. 1, Exhibit 1.]

_____

        [1] Plaintiff erroneously sued Defendant as Social Security Administration.

Although portions of the complaint are virtually incomprehensible, including Plaintiff's enumeration of his purported claims, the Court has discerned the following allegations.  Plaintiff asserts the Social Security Administration ("SSA") is liable for breach of contract for its "failure to administer benifits [sic] & intentional infliction of punitive damages."  [Doc. No. 1, p.5.][2]  According to Plaintiff, the SSA has wrongfully withheld his social security benefits of $800 per month for approximately twenty-one months, which caused his bank account balance to drop below zero, prohibited Plaintiff from paying his creditors, impacted his credit score, and caused Plaintiff to become homeless.  [*Id*. at p.10.]  Plaintiff seeks $16,800 in damages for unpaid social security benefits, plus interest at the rate of 55% and attorney's fees.  [*Id*. at p.5.]

Plaintiff further alleges the SSA participated in "obstructions of justice" and "[o]ppression of [his] c[h]arater" by wrongfully producing his confidential medical records to the prosecution during his state criminal trial to prejudice him.  [*Id*. at p.9-10.]  Plaintiff asserts the SSA produced records that contained "alot [sic] of fiction and slander," for fraudulent purposes to enable the SSA to stop paying Plaintiff his monthly benefit check.  [*Id*. at p.8.]  Finally, Plaintiff alleges generally, that social security recipients such as himself receive "[u]nfair and unequal sentences," and are treated more "cruelly" than others in the prison system.  [*Id*. at p.10.]

Plaintiff attempted to serve Defendant with his complaint on or about March 10 or March 15, via first class mail.  [*Id*. at  p.15-17.]  On April 12, 2010, Defendant removed the action to the Southern District of California.  [*Id*. at p.1-2.]  On June 11, 2010, Defendant moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  [Doc. No. 5.]

## **LEGAL STANDARD**

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party.  *Knievel v. ESPN*, 393 F.3d 1068, 1072

---

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

(9th Cir. 2005).  When a plaintiff is proceeding *pro se*, the Court has a duty to liberally construe his pleadings.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  It is improper for a court to assume "the [plaintiff] can prove facts that [he] has not alleged."  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Similarly, notwithstanding the court's deference to plaintiff's allegations, the reviewing court need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (citing *Twombly*, 550 U.S. at 557).

## DISCUSSION

## I.    SOVEREIGN IMMUNITY & THE FEDERAL TORT CLAIMS ACT

Defendant first argues the Court lacks subject matter jurisdiction over Plaintiff's tort claims because he did not file an administrative claim prior to pursuing his claims in court.  [Doc. No. 5, p.2.]  As a sovereign, the United States is immune from suit except to the extent it consents to be sued.  *Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009).  Sovereign immunity extends to agencies of the United States, including the SSA.  *See Rodriguez-Vallejo v. MVM, Inc.*, 621 F. Supp. 2d 21, 25 (D.C. Puerto Rico 2009).  The Federal Tort Claims Act ("FTCA"), however, provides "a limited waiver of the federal government's historical immunity from tort liability."  *Marley*, 567 F.3d at 1034.  Under the FTCA, plaintiffs may bring "tort claims [against the United States] arising out of the negligent conduct of government employees acting within the scope of

their employment" if they comply with the guidelines and limitations provided in 28 U.S.C. §§ 2671 *et seq.* *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008). As applicable here, the FTCA requires a plaintiff to provide written notice to the federal agency responsible for the alleged wrongful conduct before instituting an action against the United States. 28 U.S.C. §§ 2401(b), 2675(a); *Avery v. United States*, 680 F.2d 608, 609 (1982). If a plaintiff fails to provide the required notice, the court is without jurisdiction to adjudicate plaintiff's grievances. *Martin v. United States*, 436 F. Supp. 535, 538 (S.D. Cal. 1977) ("The timely filing of an administrative claim has long been recognized to be a jurisdictional prerequisite to suit under the Federal Tort Claims Act.") (citing *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974)).

Accordingly, Defendant argues Plaintiff's tort claims should be dismissed with prejudice for lack of subject matter jurisdiction, because a search of the SSA's FTCA records revealed that "no administrative tort claim has been filed against SSA by JACK RUBEN WADEL." [Doc. No. 5-2, Decl. of Mark Ledford, ¶¶2-3.] Plaintiff did not oppose Defendant's motion. However, Plaintiff did check the box on his form complaint indicating that he has complied with the requisite claim statute. [Doc. No. 1, p.5.] In cases such as this, where the defendant asserts the plaintiff has not complied with the FTCA's notice requirements, the Court "may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction." *Pineda v. Golden Valley Health Centers*, 2010 U.S. Dist. LEXIS 64217 *5-6 (E.D. Cal.) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *Meza v. Davis*, 2009 U.S. Dist. LEXIS 48160 *3-4 (S.D. Cal.) (citing *Safe Air for Everyone v. Dole*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Because Plaintiff offers no evidence to contradict Mark Ledford's declaration, the Court concludes he has failed to demonstrate compliance with the FTCA's notice requirement. Accordingly, the Court lacks jurisdiction over Plaintiff's tort claims premised on negligent conduct by government employees, and those claims are **DISMISSED** without prejudice.

## II.   PLAINTIFF'S FRAUD AND SLANDER CLAIMS ARE BARRED BY SECTION 2680(h)

Next, Defendant argues the Court also lacks jurisdiction over Plaintiff's fraud and slander claims because they are barred by sovereign immunity. [Doc. No. 5, p.3.] As discussed above, the FTCA provides a partial waiver to the United States' sovereign immunity—section 2680 identifies

several types of actions exempt from the FTCA's operation.  *See* 28 U.S.C. § 2680.  As applicable

here, section 2680(h) provides the United States does not consent to sued for "[a]ny claim arising

out of . . . libel, slander, misrepresentation, deceit or interference with contract rights."  *Id*. at

2680(h); *see also San Francisco v. United States*, 443 F.Supp. 1116, 1129 (N.D. Cal. 1977).

Accordingly, the express language of section 2680(h) bars Plaintiff's alleged slander claims.  *See*

*also Roundtree v. United States*, 40 F3d 1036, 1039 n.2 (9th Cir. 1994).  In addition, the Ninth

Circuit has held, that "claims against the United States for fraud or misrepresentation by a federal

officer are absolutely barred by 28 U.S.C. § 2680(h)."  *Owyhee Grazing Assoc., Inc. v. Field*, 637

F.2d 694, 697 (9th Cir. 1981) (citation omitted).  Because Plaintiff's claims for fraud and slander

are barred by 28 U.S.C. § 2680(h), any attempt to amend would be futile.  Accordingly, Plaintiff's

fraud and slander claims are **DISMISSED** with prejudice, and without leave to amend.

### III.    CESSATION OF PLAINTIFF'S SOCIAL SECURITY BENEFITS

Plaintiff attempts to allege a breach of contract claim for "Failure to administer benifits

[sic] & intentional infliction of punitive damages."  [Doc. No. 1, p.5.]  However, because social

security benefits are not administered pursuant to contract, nor does Plaintiff allege the existence

of a contract, the Court construes this claim as a challenge to the SSA's suspension and

termination of certain benefits during his incarceration.

Defendant asserts Plaintiff's claim for unpaid social security benefits must be dismissed

because the SSA is prohibited from paying benefits to individuals, such as Plaintiff, who are

"confined in a jail, prison, or other penal institution or correctional facility pursuant to his

conviction of a criminal offense."  [Doc. No. 5, p.4 (citing 42 U.S.C. § 402(x)(1)(A)(i); 42 U.S.C.

§ 423(j); 42 U.S.C. § 1382(e)(1)(A); 20 C.F.R. §§ 404.468, 416.1325 (2010)).]  The Court agrees.

As evidenced by the mailing address Plaintiff provided on each of his filings, he is confined to a

state-operated mental hospital.[3]   In addition, Plaintiff's complaint references his incarceration and

---

[3] Plaintiff indicated his mailing address as Coalinga State Hospital, and most recently Atascadero State Hospital.  [Doc. No. 1, p.4 (complaint); Doc. No. 6, p.2 (Case Management Statement, not accepted for filing).]  Both facilities provide treatment for mentally ill inmates.  *See* California Department of Mental Health's website, *available at* http://www.dmh.ca.gov/default.asp.

1    the state conviction that resulted in his confinement.  [Doc. No. 1, p.5, 8-10.][4]  Thus, in the

2    absence of any evidence to the contrary, Plaintiff's current status as an inmate precludes the SSA

3    from disbursing benefit payments to Plaintiff at this time.

4          Further, Defendant provides evidence that it lawfully suspended and later terminated

5    Plaintiff's social security benefits.  [Doc. No. 5, p.4.]  Defendant explains,

6              Plaintiff's Title II and Title XVI benefits were suspended in December
               2007 due to his incarceration following his felony conviction. His Title
7              II benefits remain suspended while he is incarcerated, and his Title
               XVI payments were permanently terminated on November 1, 2008.
8              [Doc. No. 5-3, Garcia Declaration.] See 20 C.F.R. § 416.1335 (SSA
               terminates eligibility for Title XVI payments following 12 consecutive
9              months of suspension).

10   [*Id.* (signal in original).]  To obtain judicial review of these administrative actions, Plaintiff must

11   demonstrate he received a "final decision of the Commissioner of Social Security . . . after a

12   hearing to which [the plaintiff] was a party."  *Laurie Q. v. Callahan*, 973 F. Supp. 925, 929 (N.D.

13   Cal. 1997) (brackets in original); 42 U.S.C. § 405(g).  "A final [decision] consists of two elements:

14   the presentment of a claim to the Secretary and the exhaustion of administrative remedies. The

15   presentment requirement is jurisdictional, and therefore, cannot be waived by the Secretary or the

16   courts. The exhaustion requirement . . . is not jurisdictional, and thus, is waivable by either the

17   Secretary or the courts."  *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citing *Mathews v.*

18   *Eldridge*, 424 U.S. 319, 330, (1975)); 42 U.S.C. § 405(g); *Del Rosa Villa v. Shalala*, 1997 U.S.

19   Dist. LEXIS 13606 *17 (C.D. Cal.) (citing 42 U.S.C. § 405(h)).  Thus, if Plaintiff has not satisfied

20   the presentment requirement, the Court lacks subject matter jurisdiction to hear Plaintiff's claims.

21   *See Situ v. Leavitt*, 240 F.R.D. 551, 555 (N.D. Cal. 2007) (citation omitted); *Laurie Q.*, 973 F.

22   Supp. at 929.

23         Here, Plaintiff has not alleged he filed an administrative claim in satisfaction of the

24   presentment requirement, nor that he has exhausted the administrative remedies available to

25   challenge the SSA's decision to suspend and later terminate certain benefits.  In addition,

26   Defendant presented undisputed evidence that a thorough review of the SSA's records indicated

27

28         [4] The California Court of Appeal's unpublished decision affirming Plaintiff's state conviction
     for resisting an executive officer in violation of Penal Code section 69 is available at *People v. Wadel*,
     2009 Cal. App. Unpub. LEXIS 8570 (Oct. 28, 2009).

1   Plaintiff did not seek administrative review of the SSA's suspension of his Title II benefits in
2   December 2007 (for the duration of his incarceration), nor the termination of his Title XVI
3   benefits on November 1, 2008 following Plaintiff's confinement for twelve consecutive months.
4   [Doc. No. 5-3, Decl. of Joanna Garcia ¶¶2-4.]  Accordingly, the Court is without jurisdiction to
5   review the SSA's decision to suspend and partially terminate Plaintiff's benefits.  Plaintiff's claims
6   challenging these actions are **DISMISSED** without prejudice.

7                                                          **CONCLUSION**

8           For the reasons stated herein, the Court **GRANTS** Defendant's motion to dismiss.
9   Plaintiff's claims for fraud and slander are **DISMISSED WITH PREJUDICE**, and without leave
10  to amend.  Plaintiff's remaining tort claims are **DISMISSED WITHOUT PREJUDICE**, and with
11  leave to amend to demonstrate compliance with the Federal Tort Claims Act.  Plaintiff's claims
12  challenging the SSA's suspension and termination of his social security benefits are **DISMISSED**
13  **WITHOUT PREJUDICE**, and with leave to amend to establish the existence of a judicially
14  reviewable final order.  Plaintiff shall have **thirty (30) days** from the date this order is entered to
15  submit his amended complaint.

16          **IT IS SO ORDERED.**

17

18  DATED:  July 9, 2010

19

20                                              Hon. Michael M. Anello
21                                              United States District Judge

22

23

24

25

26

27

28